# SUPREME COURT.

WINIFRED NOLAN agt. MICHAEL A. SKELLY and others.

*Pleading — Answer — Partition — When reference will be ordered — Code of Civil Procedure, sections* 969, 1544, 1013.

An answer in a partition suit which alleges that the defendant, one of the tenants in common, owns the lot adjoining one of the lots sought to be partitioned ; that their father, from whom estate comes in his lifetime, caused to be erected a two story and basement building with stone foundation, partly on defendant's own lot and one of the lots involved in such suit, without authority so far as defendants' lot was concerned, and asking to be awarded full possession of his lot and for $500 damages is a nullity, and the usual order of reference as upon default is proper.

*Third Department, General Term, September,* 1881.

*Before* LEARNED, *P. J.,* BOARDMAN *and* BOCKES, *JJ.*

ACTION to partition real estate located in the city of Albany. The plaintiff and defendants own it as tenants in common. The complaint was in the usual form. Michael A. Skelly one of the tenants in common served an answer as follows : " The defendant, Michael Skelly, whose full name is Michael A. Skelly, separately answering the complaint served herein, avers that he denies that the rights, shares and interests of the parties hereto are correctly alleged in said complaint, and he further avers that he is the owner in fee of the lot and prem-

Nolan agt. Skelly.

ises adjoining on the west the premises secondly described in the said complaint; that defendants said lot is about thirty-seven feet two inches in width fronting on Van Woert street, and about 187 feet in depth; that prior to the death of Andrew Skelly in said complaint mentioned, said Andrew Skelly caused to be erected and constructed a two-story dwelling with stone and brick foundation and basement, locating and constructing the same in part upon the premises secondly described in said complaint, and also upon a portion of the defendant's own lot above mentioned; that a description of the portion of the defendant's said lot, occupied by said dwelling, is as follows:

(Here follows description.)

" That said building still occupies the said premises; that the erection and construction aforesaid upon the defendant's lot was without authority, and the said trespass and illegal possession of said defendant's premises still continues to the great damage of this defendant. Wherefore this defendant prays that judgment may be entered awarding to him the full possession of his own premises above described, with $500 damages, or that he obtain such other or further relief as to the court may seem meet."

After service of this answer the cause was noticed for trial by both parties and was for three terms on the Albany circuit calendar. The plaintiff moved at special term for an order referring it to some referee, to be appointed by the court, to take proof of the title and interest of all the parties hereto in and to the premises described in the complaint, and to perform all other duties usually required of a referee in such cases, and to hear and determine the issues, if any, raised by the pleadings herein, and to report herein to the court as he shall be required in and by said order, and for such other and further relief as to the court shall seem just, and for the costs of this motion.

The court granted the usual order of reference as upon a failure to answer, and the defendant, Michael A. Skelly, brought this appeal.

*Lucien Tuffs, Jr.*, for appellant.

I. In partition cases, by section 1544 of the Code, an issue of fact joined in the action is triable by a jury (*Cassidy* agt. *Wallace,* 61 *How. Pr.,* 240; *Barnes* agt. *West,* 16 *Hun,* 70).

II. The matter stated in the answer served involved the rights of all the tenants in common. Portions of one building erected by the common ancestor is located upon the individual lot of defendant Michael Skelly, and a lot now owned by the cotenants. The house is indivisible. How can the property be partitioned or sold? If sold the purchaser would be buying a law suit. Equity, therefore, demands that the question be settled in this action.

1. In partition cases the defendant may plead in his answer as in other actions (*Reed* agt. *Child,* 4 *How. Pr.,* 125; *S. C.,* 2 *Code R.,* 69). 2. Where a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided. "He who seeks equity must do equity." Hence whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf thereby submits himself to the same jurisdiction and concedes its authority to compel him to deal equitably with his cotenants. As the equities of the cotenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition not complicated by any special equities between the cotenants (*Freeman on Cotenancy and Partition, sec.* 508). 3. In a partition case the court held as follows: "As the court has jurisdiction of the subject-matter and the parties in interest, it is in accordance with a well established rule that it should do complete justice between the parties by disposing of all

questions between them in relation to the land and its use. In the language of judge 'Story, 'the jurisdiction having once rightfully attached, it shall be made effectual for the purpose of complete relief' (*Story's Eq. Jur.*, sec. 64, *k.* ; *Scott* agt. *Guernsey*, 60 *Barb.*, 178 ; *affirmed in* 48 *N. Y.*, 106). 4. The claim made in the answer herein must surely be held to relate to the subject of the action and is a claim against his cotenants, and therefore was properly plead within the case of *The Glen and Hall Manufacturing Company* agt. *Hall* (61 *N. Y.*, 226). This case was an action to restrain the use of a trade-mark, and the defendants answered, claiming the ownership of the trade-mark and asking judgment against plaintiff, including a claim for an injunction. *Held*, that the defense being sustained by proof was a good one, and a permanent injunction was granted. 5. It was suggested at special term that the remedy of the appellant herein was not to interpose the matters in an answer, but he should commence an ejectment suit against his cotenants to recover possession of his own land and obtain an injunction in the ejectment suit to stay the present action. It is submitted that such a course would not be authorized or justified. The policy of our system of pleading is to avoid multiplicity of suits and give full relief in one action. 6. In *Carpenter* agt. *Keating* (10 *Abb.* [*N. S.*], 223) it was held : "As a defendant can now, as a general rule, interpose any defense he may have, whether legal or equitable, and thus obtain by answer, motion or otherwise, all the relief in the original suit to which he would be entitled if he brought a separate action, it is neither necessary nor allowable to bring an action, nor will an injunction be granted merely for the purpose of restraining the proceedings in another action, both being in the same court" (*See, also, Shiff* agt. *Freeman*, 11 *Rep.*, 63).

*F. S. Black*, for respondent.

I. The order is not appealable (*Tallman* agt. *Hinman*, 10 *How.*, 89; *Field* agt. *Stewart*, 8 *Abb.* [*N. S.*], 193; *Bryan*

agt. *Brennon*, 7 *How.*, 359 ; *Nosdell* agt. *Root*, 1 *Hilt.*, 173 ; *Kennedy* agt. *Shilton*, 1 *id.*, 546).

II. But if the order is appealable it should be affirmed, as the answer raises no issue. 1. The words "avers that he denies," is not a sufficient form of denial (*People* agt. *Christopher*, 4 *Hun*, 805 ; *Arthur* agt. *Brooks*, 14 *Barb.*, 533 ; *Blake* agt. *Eldred*, 18 *How.*, 240). 2. The words "denies that the rights, shares, &c., are correctly alleged in the complaint," is not the direct, unequivocal denial which the law requires (*Wood* agt. *Whiting*, 21 *Barb.*, 190 ; *West* agt. *Am. Ex. Bk.*, 44 *id.*, 175 ; *Oechs* agt. *Cook*, 3 *Duer*, 161).

III. If an issue is raised it was properly referred. This is an equity action and is therefore triable by the court (*Sec.* 969, *Code Civil Pro.* ; *Thurber* agt. *Chambers*, 4 *Hun*, 721 [727] ; *McCarty* agt. *Edwards*, 24 *How.*, 236 [240] ; *McMahon* agt. *Allen*, 10 *id.*, 384 ; *Cheeseborough* agt. *House*, 5 *Duer*, 125). And being triable by the court it is referable in the court's discretion (*Sec.* 1013, *Code Civil Pro.* ; *McMahon* agt. *Allen*, 10 *How.*, 384 ; *Colie* agt. *Tifft*, 47 *N. Y.*, 119 [121] ; *McCarty* agt. *Edwards*, 24 *How.*, 236 [240] ; *Carr* agt. *Wehran*, 2 *Rob.*, 663). A jury trial is not a matter of right in this class of cases, but is in the discretion of the court (*Church* agt. *Freeman*, 16 *How.*, 294 ; *McCarty* agt. *Edwards*, 24 *id.*, 236 ; *O'Brien* agt. *Bowes*, 4 *Bos.*, 657 ; *Wilson* agt. *Forsyth*, 16 *How.*, 448 ; *N. Y. and N. H. R. R.* agt. *Schuyler*, 34 *N. Y.*, 30 [46] ; *Rexford* agt. *Marquis*, 7 *Lans.*, 249 [263] ; *Knickerbocker Life Ins. Co.* agt. *Nelson*, 8 *Hun*, 21).

BOARDMAN, *J.*—The answer of the defendant Skelly is a nullity. It does not deny generally the complaint, or specifically any fact therein contained. It alleges no new matter by way of affirmative defense. It says, in effect, that the complaint does not state the shares and interests of the parties correctly. That raises no issue. It merely expresses the opinion of the party answering. It states no fact. . It indicates no error in any statement made in the complaint. It

calls for no other or further proof than would be required by law and *by* the practice of the court if no answer had been interposed. We conclude, therefore, the answer was a nullity, and demanded no recognition; nor was the ownership of the adjoining premises by the defendant, who attempted to answer any trespass thereof, of the slightest consequence in this action for partition. It was not and could not be involved in the disposition to be made of the rights of the parties to this action.

The reference is a prompt and usual mode of determining the rights of the parties in such action. No reason exists why it should not be satisfactory.

We are satisfied the order of reference granted in this case will serve the best interests of the parties, and promote an early determination of their rights without wrong to any one. We are also satisfied the plaintiff was entitled to such order as the action stood when it was granted.

The order is therefore affirmed, with ten dollars costs and disbursements for printing.

